IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                        Case No. 04-40041-01-SAC
                                        05-3152-SAC

MICHAEL LEE ROBINSON,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for post-conviction writ of habeas corpus.  Dk. 79.  Because of the nature of the motion, the court construes it as a 28 U.S.C. § 2255 motion challenging the conditions of defendant's supervised release.

On July 28, 2004, defendant was convicted by jury of being a felon in possession of a firearm.  This court sentenced defendant on October 14, 2004, to a term of 41 months imprisonment to be followed by two years supervised release.  At that time, the court imposed the following as a special condition of supervised release:

The defendant shall participate in an approved program for substance abuse, *which may include drug/alcohol* testing, *counseling* and inpatient treatment and share in the costs, based on the ability to pay, at the direction of the United States Probation Office.  The defendant shall abstain from the use of alcohol during said treatment program.

Dk. 61, p. 4 (emphasis added).

Defendant contends the special condition of drug/alcohol counseling may include a twelve-step or an AA/NA program, which he contends is based upon the religious concept of a "higher power" and is thus not secular.  He further contends that upon his release from the federal bureau of prisons, he will be forced under duress to participate in the religious practices of the AA/NA program under this condition of supervision, which would violate his religious rights under the establishment clause First Amendment.  Dk. 79.

The court first examines whether this issue is ripe.  "The doctrine of ripeness is intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."  *Skull Valley Band Of Goshute Indians v. Nielson*, 376 F.3d 1223, 1237 (10th Cir. 2004).  In determining whether a claim is ripe,

2

a court must look at "[1] the fitness of the issue for judicial resolution and

[2] the hardship to the parties of withholding judicial consideration."

*United States v. Wilson*, 244 F.3d 1208, 1213 (10th Cir. 2001).

> Under the first prong of the ripeness inquiry--fitness for judicial resolution--the court must determine whether the matter involves uncertain events which may not happen at all, and whether the issues involved are based on legal questions or factual ones. If there are factual issues that need further development, the matter may not be fit for resolution. *See id.* at 1214. Fitness for judicial resolution may depend upon whether it is "purely legal, whether consideration of the issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final." *Clean Air Implementation Project v. EPA*, 150 F.3d 1200, 1204 (D.C.Cir. 1998) (internal quotation marks omitted).
> Under the second prong of the ripeness inquiry--the potential hardship of withholding judicial resolution--we examine "whether the challenged action creates a direct and immediate dilemma for the parties." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995) (internal quotation marks omitted).

*Skull Valley Band*, 376 F.3d at 1237.

The Tenth Circuit has recently examined the ripeness of

challenges to conditions of supervised release. In *United States v.*

*Morgan*, 44 Fed. Appx. 881, 885 (10th Cir. 2002), the defendant had a

number of years of his custodial sentence left before his supervised release

was to begin, and failed to specify the kind of physiological testing which

might be utilized, to which he objected. The court further found it to be

speculative whether a probation officer would seek to enforce the terms of

the supervised release, and what consequence might flow from a violation

of those terms. Thus a decision about Morgan's conditions of supervised

release was not ripe because it would be speculative, advisory, and based

upon an uncertain set of possible facts and scenarios.

In contrast, in *United States v. White*, 244 F.3d 1199 (10th

Cir. 2001), a defendant's challenge to three conditions of supervised

release, including the condition that the defendant submit to physiological

testing, was found to be ripe. White had already served his custodial

sentence and was appealing from a second violation of supervised release,

thus no factual issues needed further development. Hardship was

established because defendant was in imminent danger of reincarceration

were he to violate any of the terms of his supervised release. Additionally,

there was uncertainty about the scope of the particular special conditions

and what conduct they prohibited, making compliance with them difficult

and unpredictable for him and other defendants.

4

In the present case, defendant has approximately 19 months to serve on his sentence before his term of supervised release will begin. Defendant has not shown that all of the substance abuse programs offered by the United States Probation Office have some sort of religious component to them, thus it is possible that defendant will be placed in a program other than AA/NA in the event he objects to that program.  It is also possible that defendant will be offered alternatives to expressing a belief in God so he can complete the AA/NA program.  *See e.g.*,  *Jones v. Smid*, 1993 WL 719562 (S.D. Iowa Apr. 29, 1993).  Additionally, the counseling provision of his substance abuse program, which is permissive, may not be enforced.  *See* Dk. 61, p. 4 (stating defendant *shall* participate in an approved program for substance abuse, which *may* include counseling.)  Because this matter involves uncertain events which may not happen at all, and the potential counseling program fails to create "a direct and immediate dilemma" for the defendant, this matter is not ripe for adjudication.

The court notes that even if this issue were ripe, similar

challenges have failed on the merits. *See e.g., Stafford v. Harrison*, 766 F. Supp. 1014 (D. Kan. 1991) (holding inmate's participation in treatment program modeled on precepts of Alcoholics Anonymous did not interfere with the inmate's practice of his religion or establish religion); *Jones v. Smid*, 1993 WL 719562 (S.D. Iowa Apr. 29, 1993) (same).

IT IS THEREFORE ORDERED that defendant's § 2255 motion is denied.

Dated this 25th day of October, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

6